IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

Action Number _____
(To be supplied by the Clerk, U.S. District Court)

RECEIVED MAR 15 2021 CLERK, U.S. DISTRICT COURT RICHMOND

FILED MAR 19 2021 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

21 CV 341

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

I. PARTIES

A. Plaintiff:

1. (a) __Jeremy W. Dodge__ (b) __33810__
   (Name)                      (Inmate number)

   (c) __P.O. Box 485__
       (Address)

   __Hanover, Virginia 23069__

Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.

Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.

B. Defendant(s):

1. (a) __* See Attatched__ (b) _____
   (Name)                     (Title/Job Description)

   (c) _____
       (Address)

2.  (a) _____  (b) _____
       (Name)                        (Title/Job Description)

    (c) _____
       (Address)

    _____

3.  (a) _____  (b) _____
       (Name)                        (Title/Job Description)

    (c) _____
       (Address)

    _____

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.**

II.  **PREVIOUS LAWSUITS**

A.  Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?   Yes [ ]   No [✓]

B.  If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below. If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.

    1.  Parties to previous lawsuit:

    Plaintiff(s) _____

    Defendant(s) _____

    _____

    2.  Court (if federal court, name the district; if state court, name the county):

    _____

    3.  Date lawsuit filed: _____

    4.  Docket number: _____

5. Name of Judge to whom case was assigned:_____

6. Disposition (Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?) :

_____

_____

III. **GRIEVANCE PROCEDURE**

A. At what institution did the events concerning your current complaint take place: Pamunkey Regional Jail

B. Does the institution listed in "A" have a grievance procedure? Yes [✓] No [ ]

C. If your answer to "B" is Yes:

    1. Did you file a grievance based on this complaint? Yes [✓] No [ ]

    2. If so, where and when: Pamunkey Regional Jail, Feb 10, 2021

    3. What was the result? Unfounded

    4. Did you appeal? Yes [✓] No [ ]

    5. Result of appeal: Concurred

D. If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [ ] No [ ]

If your answer is Yes, what steps did you take? _____

E. If your answer is No, explain why you did not submit your complaint to the prison authorities:

## IV. STATEMENT OF THE CLAIM

State here the facts of your case. Describe how each defendant is involved and how you were harmed by their action. Also include the dates, places of events, and constitutional amendments you allege were violated.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.

See attatched

## V. RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. __JD__ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

✓ Award money damages in the amount of $ __15,000,000__

___ Grant injunctive relief by _____

___ Other _____

## VI. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

__Pamunkey Regional Jail__

_____

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

Do you consent to proceed before a U.S. Magistrate Judge: Yes [✓]  No [ ]. You may consent at any time; however, an early consent is encouraged.

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this __11__ day of __March__, 20__21__.

Plaintiff _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA


FILED
MAR 19 2021
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Jeremy W. Dodge    Plaintiff
V.                                                    NO: 21 CV 341
Pamunkey Regional Jail    Defendants
Mediko (Health Care Contractor)
Officer FNU Romagnoli
Sergeant K.L. Hurd (PREA Investigator & Compliance Mgr.)
Major M.A. Bennett (Support Services Division Director)
Captain B. Hughes (Internal Affairs)
Colonel J.C. Willett (Deputy Superintendant)
Brenda Lee (Mental Health Counselor)

## COMPLAINT

Plaintiff would show that:

## JURISDICTION & VENUE

1. That at all times mentioned in this complaint, Plaintiff Jeremy W. Dodge was & now is, a citizen & resident of the county of Hanover, State of Virginia.
2. The Defendant Pamunkey Regional Jail is & at all times mentioned in this complaint was, a corporation duly organized & existing under the laws of the State of Virginia, with its principal place of business in Hanover, Virginia.
3. The Defendant Mediko has continuous & substantial contacts within the State of Virginia, including but not limited to providing healthcare services to offenders housed within the Pamunkey Regional Jail.
4. The court may exercise personal jurisdiction over Sgt. FNU Hurd, OFC FNU Romagnoli, Major M.A. Bennett, Captain B. Hughes, Colonel J.C. Willet & Brenda Lee because

they each have had substantial & extensive contacts in the State of Virginia including but not limited to being employed at the Pamunkey Regional Jail, or operating as a contractor at the Pamunkey Regional Jail.

5. This court has subject matter jurisdiction over this action under 28 USC § 1343 & 1367, because the Defendants are alledged to have violated Plaintiffs rights.

6. Venue for this action is proper under 28 USC § 1391(b)(2) in the Eastern District of Virginia because this judicial district is in which a substantial part of the events or omissions giving rise to the claim occured.

## FACTUAL BACKGROUND

1. On January 6, 2021, Officer FNU Romagnoli was an employee of Pamunkey Regional Jail, & asked Plaintiff to "suck my dick", meaning he wanted Plaintiff to engage in fellatio with the Defendant, & repeated this when asked what was said.

2. This invasive & obscene request of Defendant violates both Federal & State law (Va Code 18.2-64.2), as well as Plaintiffs Constitutional Rights.

3. Plaintiff spoke to Brenda Lee in her proffesional capacity as the mental health contract provider for Pamunkey Regional Jail as employed by Mediko.

4. Defendant Brenda Lee told Petitioner that if he did not like it to not come to jail. This violates Plaintiffs Constitutional Rights as well as the policies & procedures laid out under PREA, & Pamunkey Regional Jails inmate rights.

5. Defendant Sgt. FNU Hurd spoke to Plaintiff on 1-15-21 & tried to convince Plaintiff to drop the investigation & when Plaintiff refused, told Plaintiff verbally "are you willing to take a polygraph exam?", in violation of his Constitutional Rights & Va Code § 19.2-9.1, which firmly prohibits Sgt. FNU Hurd from requesting a polygraph in a sexual abuse investigation.

6. On January 27, 2021, Sgt Hurd closed her "investigation" with the finding

of "unfounded", without properly conducting a thorough investigation.

7. Plaintiff asked for a grievance on January 19, 2021 after filing an informal complaint only to be refused on the 20th, saying an "outside party", had to give Plaintiff one.

8. Plaintiff was continuously refused the Administrative Remedy process (grievance process) for 3 weeks until February 10, 2021 when Major Bennett issued the form after Plaintiff asked for one from Major K. Hopkins. (PREA Coordinator)

9. On February 17, 2021 Major Bennett researched the "investigation" & also unfounded the PREA claim. In response Plaintiff appealed his decision.

10. On February 22, 2021 a polygraph exam was conducted on Plaintiff & Captain B. Hughes opened an investigation for internal affairs on the allegations of PREA complaint.

11. On February 23, 2021 Colonel James C. Willett concurred with the grievance decision of Major Bennett.

12. Between dates of January 15, 2021 & February 23, 2021, Defendants Sgt. Hurd, Major Bennett, Captain Hughes, & Colonel James C. Willett violated Plaintiff's due process rights by not thoroughly investigating & adherring to grievance procedure. This violates Plaintiff's Constitutional Rights as well as the policies & procedures laid out in the Pamunkey Regional Jail Handbook.

13. Defendants Sgt. Hurd, Major Bennett, Captain Hughes, & Colonel James C. Willett violated Plaintiff's equal protection rights by discriminating against Plaintiff being he is an inmate & did not fully investigate claim before closing claim because an officer sexually harassed Plaintiff. This is a violation of Plaintiff's rights.

14. Plaintiff is informed & believes that Sgt. Hurd, Officer Romagnoli, Major Bennett, Captain Hughes, & James C. Willett are employed by Pamunkey Regional Jail, & while acting under color of law in the course & scope of their employment for Defendant Pamunkey Regional Jail, which authorized & failed to appropriately supervise these Defendants.

15. Plaintiff is informed & believes, & on that basis alledged, that the Defendants, each of them, knew some or all of the wrongful acts described below, that they nevertheless knowingly assisted in the performance of those wrongful acts, or otherwise participated in the furtherance of Plaintiffs damage, as alledged.

### FIRST CLAIM FOR RELIEF (Pursuant to 42 USC §1983)
(For intentional infliction of emotional distress - Against all Defendants)

16. Plaintiff realledges & incorporates by reference paragraphs 1-15 as if restated in full.

17. On the dates between January 6, 2021 & February 23, 2021, each of the Defendants jointly & severally violated the Plaintiffs rights to be free from cruel & unusual punishment, due process, & further harassed the Plaintiff by knowingly, willfully, & wantonly causing the Plaintiff such anxiety as to develop chronic hypertension, chronic headaches, blurry vision, nightmares & severe anxiety, all physical injuries developed after incident on January 6, 2021.

18. As a direct & proximate result of Defendants scandalous & outrageous acts, Plaintiff has suffered humiliation, mental anguish, & severe emotional distress all to the Plaintiffs damage.

19. Defendants acts were therefore despicable conduct & so willfull, wanton, intentional, malicious & actually oppressive as to justify the award of exemplary & punitive damages.

### SECOND CLAIM FOR RELIEF (Pursuant to 42 USC §1983)
(For violation of due process - Against all Defendants)

20. Plaintiff realledges & incorporates by reference paragraphs 1-19 as if restated in full.
21. Defendants encroached on Plaintiff's liberty interest to be free from harassment, mental anguish, abuse & injury to physical health.
22. Defendants failed to support Plaintiff & thoroughly investigate his claim before closing it.

### THIRD CLAIM FOR RELIEF (Pursuant to 42 USC § 1983)
### (For violation of equal protection rights - Against all Defendants.)

23. Plaintiff realledges & incorporates by reference paragraphs 1-22 as if restated in full.
24. Defendants discriminated against Plaintiff because he is an inmate & did not support him in his claim because of the nature of it.

### FOURTH CLAIM FOR RELIEF (Pursuant to 42 USC § 1983)
### (For violation of eighth amendment right to be free from cruel & unusual punishment - Against all Defendants.)

25. Plaintiff realledges & incorporates by reference paragraphs 1-24
26. Defendant Brenda Lee showed blatent & deliberate indifference to Plaintiff & wanton disregard for Plaintiff's mental health.
27. Defendant Sgt. Hurd showed blatent & deliberate indifference to Plaintiff & gross disregard for the law by failing to suitably investigate Plaintiff's claim before closing claim.
28. Defendant Officer Romagndi, acted with wanton deliberate indifference for Plaintiff's mental health & subjected Plaintiff to needless sexual

harassment grossly disregarding his duty & oath.

29. Defendant Major Bennett showed blatent & deliberate indifference to Plaintiff & gross disregard for the law by failing to suitably investigate Plaintiffs claim.

30. Defendant Colonel James C. Willet showed blatent & deliberate indifference to Plaintiff & gross disregard for the law by failing to suitably investigate Plaintiffs claim.

31. Defendant Captain Hughes showed blatent & deliberate indifference to Plaintiffs & gross disregard for the law by failing to suitably investigate Plaintiffs claim.

32. Defendant Mediko failed in their duty to supervise Defendant Brenda Lee & duty to protect Defendant from harm.

33. Defendant Pamunkey Regional Vail failed to supervise Defendants Hurd, Romagnoli, Hughes, Bennett & Willett & are grossly negligent in their duty to protect.

## Jury Demand

Plaintiff demands trial by jury.

## Prayer

On the first, second, third, & fourth claims for relief Plaintiff wants:
A. For general damages according to proof, but to be determined at trial;
B. For special damages in an amount to be determined at trial & for interest on this at the legal interest rate;
C. For punitive & exemplary damages in the amount of $15,000,000;
D. For the costs of the suit incurred;

E. For any other & further relief that the Court may deem just & proper.

March 11, 2021

*/s/ Dodge*, PRO-SE

Jeremy W. Dodge, Plaintiff